

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -- GENERAL**

Case No. LA CV 12-07725-VBF-RNB Dated: November 4, 2013

Title: ***Lars Darwyn Paarman, Petitioner v. M. Spearman, Respondent***

PRESENT: HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

Linda Kanter
Courtroom Deputy

N/A
Court Reporter

ATTORNEYS PRESENT FOR PETITIONER

N/A

ATTORNEYS PRESENT FOR RESPONDENT

N/A

**PROCEEDINGS (IN CHAMBERS): ORDER (1) Overruling Petitioner's Objections; (2) Adopting the R&R; (3) Dismissing Habeas Petition as Untimely**

The Court will overrule petitioner's objections to the Magistrate Judge's well-reasoned Report and Recommendation ("R&R"), adopt the R&R in its entirety, dismiss the habeas corpus petition as untimely, and deny a certificate of appealability. The Court writes only to explain why petitioner's objections lack merit.

Petitioner's objections begin with conclusory assertions, unsupported by citation to evidence or authority, that "[a]ppellate counsel failed and refused to file a Petition for Review, thus, le[aving] Petitioner abandoned and no choice but to pursue appeals and filings on his own", Document ("Doc") 25 at 1, and "[t]he trial court failed to bring and call documented witnesses who[se] testimonies would [have] affected petitioner's outcome and greatly exonerated him – among other things counsel failed to do", *id.* at 2. These assertions merely "express[] disagreement with the Magistrate Judge's determination . . . , but do[] not identify any legal or factual errors in the Magistrate Judge's reasoning." *Woods v. McKee*, 2011 WL 318040, *1 (W.D. Mich. Jan. 28, 2011);

*Telerico v. Nationwide Mut. Fire Ins. Co.*, 2012 WL 84546, *2 (E.D. Mich. Jan. 11, 2012) (overruling objection that "identifie[d] no error in [Magistrate]'s reasoning or conclusion"); *Versatile v. Johnson*, 2011 WL 5119259, *44 (overruling objection that "repeat[ed] many of the objections previously rejected and fail[ed] to cogently identify any specific error in the Magistrate Judge's reasoning"), *order entered*, 2011 WL 5118633 (E.D. Va. Oct. 27, 2011), *aff'd*, 474 F. App'x 385 (4th Cir. 2012), *cert. denied*, – U.S. –, 133 S. Ct. 1261 (2013). Thus, petitioner's "filing does not satisfy the specificity requirement of Rule 72(b) of the Federal Rules of Civil Procedure", *Bethea v. Chesterfield-Marlboro EOC Counsel*, 2013 WL 5707320, *1 (D.S.C. Oct. 18, 2013) (footnote omitted).

**Next, attempting to qualify for equitable tolling, petitioner refers to "lockdowns in prison, mailroom / officials hindering and tampering with petitioner's mail** as District Court – this Court – noted in late July 2013 by sending back copies of evidence proving so", Doc 25 at 2.[1] The Court recognizes that with sufficient evidentiary support and explanation, a habeas petitioner can obtain equitable tolling during periods when lockdowns or other prison conditions made it not merely difficult but *impossible* for him to prepare the petition. *See, e.g., Sossa v. Diaz*, 729 F.3d 1225, ___ (9th Cir. 2013) ("Sossa's allegations regarding his access to the law library and other resources may entitle him to equitable tolling through June 11, 2008, when he constructively filed his amended habeas petition. * * * We remand for further development of the record . . . .") (n.13 omitted); *Evans v. Sisto*, 2013 WL 5179242, *6-*11 (E.D. Cal. Sept. 13, 2013) (finding petitioner entitled to equitable tolling sufficient to render his petition timely where he provided evidence that he had been transferred, his legal papers had been lost in the mail to potential counsel (making it impossible to retain counsel), there had been a delay in his learning of the denial of his state habeas petition, and "the relatively short period of time remaining for preparation of a federal petition when these circumstances [which] converged at the end of the limitations period all combined to prevent timely filing.").

---

1

The docket shows only one document filed "in late July," a July 26, 2013 order regarding petitioner's request for an extension of time (Doc 24). Nowhere does that Order find or imply that prison officials or anyone else "hindered" or "tampered" with petitioner's mail. Rather, the Order stated that "The Court is in receipt of a communication from petitioner that appears to relate to a request made by Petitioner in May for a copy of a mailing from the Court that petitioner received in late April *and then lost*." Doc 24 at 1 (emphasis added).

**However, the limitations imposed by lockdowns or temporary detention in administrative segregation typically do not warrant equitable tolling because they are "ordinary prison limitations",** *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009); *see, e.g., Barajas v. Janda*, No. 11-55364, – F. App'x –, 2013 WL 5459556, *1 (9th Cir. Oct. 2, 2013) (affirming dismissal of section 2254 petition as untimely under AEDPA, panel stated that petitioner's claim to equitable tolling failed because he did not establish that the alleged impediments, including prison lockdowns, constituted "extraordinary circumstances") (citing *Holland v. Florida*, 560 U.S. 631, __, 130 S. Ct. 2549, 2562 (2010)). "Denial of access to prison legal resources . . . must be *total* and must *cause* the untimeliness in order to support tolling." *Redwine v. Grounds*, 2013 WL 4496706, *5 (E.D. Cal. Aug. 21, 2013) (citing *Ramirez*, 571 F.3d at 998).

**Moreover, petitioner fails to specify the dates of the lockdowns.** *See Haggerty v. Diaz*, 2013 WL 4718171, *6 (C.D. Cal. Aug. 30, 2013) (denying equitable tolling) ("[H]e has not shown that his temporary inability to use the law library was the cause of his untimely filing. [He] fails to . . . provide any evidence showing that the alleged lockdowns even occurred during the relevant time periods.") (collecting cases); *Foster v. Cate*, 2013 WL 4544337, *10 (S.D. Cal. Aug. 26, 2013) ("Without specific information regarding the duration of the alleged deprivation . . . this Court can only conclude that it was Petitioner's lack of diligence, and not external factors, that caused Petitioner's delay."); *Foster*, 2013 WL 4544337 at *10 ("Without specific information regarding . . . diligent efforts to counter that deprivation . . . this Court can only conclude that it was Petitioner's lack of diligence . . . that caused Petitioner's delay."). Nor does he "assert that he made any unsuccessful requests to use the law library or provide dates on which he was denied access to the law library during this lockdown period." *Rodriguez v. Evans*, 2007 WL 951820, *6 (N.D. Cal. Mar. 28, 2007).

**Thus, petitioner fails to carry his burden of showing that specific lockdowns actually prevented him from preparing this petition during particular periods of time.** As another Ninth Circuit court reasoned, "[t]he court cannot arbitrarily pick a number of days or weeks to toll [or excuse] based on some generalized problem or difficulty a petitioner has encountered. Rather, equitable tolling depends on a specific showing by a petitioner that a particular problem prevented him from meeting the deadline for a particular amount of time." *Mejia v. Pliler*, 2001 WL 125307, *3 (N.D. Cal. Feb. 15, 2001). Petitioner leaves the Court with "no knowledge

of any dates of any lockdown, nor whether petitioner had access to his legal materials or other legal resources during that time." *McDowell v. Barnes*, 2013 WL 4779032, *4 (N.D. Cal. Sept. 6, 2013).

**The Court cannot simply assume that petitioner was denied access to legal materials whenever his prison was under lockdown.** *See, e.g., Olivera v. Grounds*, 2013 WL 5675368, *9 (C.D. Cal. Oct. 17, 2013) ("[T]he purported 'lockdown' order on which Petitioner relies appears to indicate . . . [that] the status of the 'legal library' was 'normal' during that period of time."); *Nelson v. Sisto*, 2012 WL 465443, *2 (N.D. Cal. Feb. 13, 2012) (earlier order had stated, "For any period he claims he was precluded from attending a library due to a lockdown, he should explain why he was unable to use a prison paging system to access legal materials."); *Schipke v. United States*, 2011 WL 10550694, *15-16 (D. Ariz. Oct. 21, 2011) ("[I]t is not clear whether FMC-Carswell provides emergency library services to inmates in lock-down, or other means of accessing legal reference materials, or if Schipke has been provided these services. * * * Accordingly, . . . deny this motion."), *R&R adopted*, 2013 WL 1283804 (D. Ariz. Mar. 28, 2013); *Redwine*, 2013 WL 4496706 at *5 (denying equitable tolling) ("Petitioner does not specify the dates and times of his exclusion from the law library, but makes blanket assertions about his general lack of access during incarceration. . . .").

**In turn, petitioner fails to show that specific periods during which he was actually denied all access to legal materials, added together, account for the entire period by which this petition missed the AEDPA deadline.** *Cf. Jones v. Taylor*, 484 F. App'x 241, 243 (10th Cir. 2012) ("Although a complete denial of access to legal materials at a critical time may justify equitable tolling, Defendant had several months in which to file an application, even assuming . . . no access to legal material for six months.") (citations omitted); *Cardenas v. Cockrell*, 2002 WL 1776937, *2 (N.D. Tex. July 29, 2002) (even assuming a "total institutional lockdown" for at least 20 days in April 2002, petitioner "fails to explain why he waited from July 5, 2001, until April 2002 – almost nine months – before placing his federal petition within the prison mail system"); *Seamster v. Barnes*, 2013 WL 460373, *3 (E.D. Cal. Feb. 5, 2013) ("Petitioner fails to explain why it took him approximately one year after he had first been granted physical access to a law library to discover his claims and present them . . . ."); *Mejia*, 2001 WL 125307 at *3 ("[A]ny lockdown that ended in February 2000 would not explain the four-month delay between the termination of the lockdown and the filing of the current federal petition . . . .").

**Petitioner's final objection is that he "ha[d] to find other inmates to aid and assist him in his filings, [which was] time-consuming."** Doc 25 at 2. But petitioner presents no precedent holding that this routine incident of prison life can constitute an extraordinary circumstance sufficient to warrant equitable tolling. On the contrary, "[t]he law is well established that neither petitioner's lack of knowledge of the law nor his lack of legal assistance constitutes an 'extraordinary circumstance' entitling petitioner to any equitable tolling . . . ." *Reynolds v. Hedgpeth*, No. CV 8:05-00905 Doc. 66 at 19-20 (C.D. Cal. June 5, 2013) (citing, *inter alia*, *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006)), *R&R adopted*, 2013 WL 3983190 (C.D. Cal. Aug. 1, 2013); *see, e.g., Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (*pro se* status, absence of a few volumes from library, and reliance on inmate helpers who were transferred or too busy, were not extraordinary circumstances "given the vicissitudes of prison life"); *Lopez v. McDonald*, 2013 WL 1773994, *3 n.5 (C.D. Cal. Apr. 2, 2013) (petitioner not entitled to equitable tolling merely "because he . . . faced difficulty 'getting any attorney or inmate assistance to file a writ'"), *R&R adopted*, 2013 WL 1773945 (C.D. Cal. Apr. 23, 2013).

**By complaining about limitations that inhere in incarceration – such as the difficult, time-consuming nature of obtaining legal assistance – petitioner effectively complains that incarceration itself made him unable to file on time.** But the simple fact of incarceration cannot be enough to support equitable tolling. If it were, all habeas petitions would be tolled since custody is a prerequisite for habeas jurisdiction under AEDPA, *see Veltmann-Barragan v. Holder*, 717 F.3d 1086, 1087-88 (9th Cir. 2013) (citing 28 U.S.C. § 2241(c) and *Maleng v. Cook*, 490 U.S. 488, 490, 109 S. Ct. 1923 (1989)), and the statute of limitations would become meaningless. *See Gomez v. Woodford*, 2008 WL 1970888, *5 (E.D. Cal. May 5, 2008) ("If limited resources, lack of legal knowledge, and the difficulties of prison life were an excuse for not complying with the limitations period, the limitations period of the AEDPA would become meaningless because virtually all incarcerated prisoners have these same problems in common."); *Ramirez v. Clark*, 2008 WL 1704090, *5 (E.D. Cal. Apr. 10, 2008) (same), *R&R adopted*, 2008 WL 1988863 (E.D. Cal. May 5, 2008), *COA denied*, 2008 WL 2397450 (E.D. Cal. June 11, 2008); *accord Szkutak v. Bennett*, 2007 WL 840899, *6 (D. Colo. Mar. 16, 2007).

**ORDER**

Petitioner's objections **[Doc # 25] are OVERRULED.**

The Report and Recommendation **[Doc # 22] is ADOPTED.**

Respondent's motion to dismiss the petition **[Doc #16] is GRANTED.**

The first amended habeas corpus petition **[Doc # 5] is DISMISSED**.

The Court will deny a certificate of appealability by separate order.

As required by FED. R. CIV. P. 58(a)(1), final judgment will be issued as a separate document.[2]

IT IS SO ORDERED.

---

2

*See Cox v. California*, 2013 WL 3755956, *2 n.2 (C.D. Cal. July 16, 2013) (Fairbank, J.) (citing, *inter alia*, *Jayne v. Sherman*, 706 F.3d 994, 1009 (9th Cir. 2013)). *Accord In re Taumoepeau*, 523 F.3d 1213, 1217 (10th Cir. 2008) ("A combined document denominated an 'Order and Judgment,' containing factual background, legal reasoning, as well as a judgment, generally will not satisfy the rule's prescription.").